UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
SIMON ZAROUR and LORI ZAROUR,                     :
:
                Plaintiffs,              :
:      15-CV-2663 (JPC)
     -v-                                           :
:      ORDER
CHUBB & SON INC. and PACIFIC INDEMNITY :
COMPANY,                                          :
:
                Defendants.              :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    This insurance dispute began more than six years ago when Plaintiffs filed a complaint in the District of New Jersey alleging that Defendants failed to cover losses in connection with damage to Plaintiffs' home that occurred during Superstorm Sandy on October 29, 2012.[1] (Dkt. 1.) On April 21, 2015, this case was transferred to the Southern District of New York. (Dkt. 17.) A few months later, and on July 6, 2015, the Honorable Jed S. Rakoff granted Defendant Pacific Indemnity Company's ("Defendant's") motion to compel insurance appraisal. (Dkt. 41.) The appraisal occurred, and the three-person appraisal panel awarded Plaintiffs $110,490.20. (*See* Dkt. 49 at 2.) Plaintiffs then moved to reopen the appraisal because the appraisal panel failed to determine if Plaintiffs' home suffered any mold damage. (*Id.*) On February 22, 2017, Judge Rakoff granted this motion and ordered "the appraisal panel to reopen the appraisal to determine if, and to what extent, plaintiffs have suffered losses under the Policy due to mold damage." (*Id.* at 5-6.)

    The undersigned was reassigned to this case on September 29, 2020. On October 19, 2020,

---

[1] The Honorable Renee Marie Bumb, United States District Judge for the District of New Jersey, dismissed Defendant Chubb & Son Inc. from this action on March 31, 2015. (Dkt. 16.)

the Court issued a Notice of Reassignment and ordered the parties to submit a joint letter updating the Court on the status of this case, including "[t]he status of the appraisal panel's determination ordered by the Court on February 22, 2017."  (Dkt. 50.)  The parties failed to submit this letter by the deadline, so the Court ordered the parties to either submit the letter by November 19, 2020 or show cause why sanctions should not be imposed in light of the parties' failure to comply with the Court's Order.  (Dkt. 51.)

On November 13, 2020, Defendant filed a letter stating that Defendant's counsel's attempts to reach Plaintiffs' counsel were unsuccessful and thus Defendant's counsel was "unable to meet and confer with Plaintiffs' counsel in order to submit a joint letter."  (Dkt. 52 at 1.)  Defendant also stated that after Judge Rakoff's February 22, 2017 order reopening the appraisal, "Plaintiffs never proceeded with the reopened appraisal" and that "[d]espite the efforts of [Defendant's] appraiser, all indications are that Plaintiffs have abandoned pursuing the appraisal, and this action."  (*Id.* at 2.)  Defendant therefore requested that the Court schedule a pre-motion conference to discuss Defendant's anticipated motion to dismiss this action for failure to prosecute.  (*Id.*)  The Court granted this request and scheduled a conference for December 4, 2020.  (Dkt. 53.)  At this conference, counsel for Plaintiffs appeared, but counsel for Defendant did not.  The Court adjourned the conference, and followed up with another order directing the parties to file a joint letter updating the Court on the status of the case and offering "[a] detailed description of what has occurred in this case since February 22, 2017."  (Dkt. 54.)

The parties submitted this letter on December 18, 2020.  In this letter, Defendant explained that after Judge Rakoff's February 22, 2017 order, Defendant's appraiser "retained an environmental hygienist" and "requested access to the [Plaintiffs'] home for inspection and testing."  (Dkt. 55 at 2.)  However, Defendant's appraiser "received no response from [Plaintiffs']

2

appraiser." (*Id.*) Additionally, Defendant alleges that "[n]o further communications were received by [Defendant] or its appraiser from [Plaintiffs'] appraiser, or from the Zarours, or from their counsel." (*Id.*) Plaintiffs responded by explaining that there were disagreements between their appraiser and Defendant's appraiser and that their appraiser "has not responded to [their] attempts to contact him." (*Id.*) However, Plaintiffs offered no explanation for why they failed to pursue the reopened appraisal since February 2017.

Nearly four years have passed since Judge Rakoff reopened the appraisal, and it is unclear from the record that Plaintiffs have done anything to pursue an appraisal since that date. Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for failure to prosecute or comply with an order of the Court. Defendant is GRANTED leave to file a motion to dismiss, pursuant to Rule 41(b), by January 25, 2021. Plaintiffs shall file any response by February 8, 2021. Defendant shall file any reply by February 15, 2021.

SO ORDERED.

Dated: January 9, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge