UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                   :

SIMON ZAROUR and LORI ZAROUR,                 :

                 Plaintiffs,                             :

                                                                    :         15 Civ. 2663 (JPC)
             -v-                                   :

                                                                    :     MEMORANDUM OPINION
CHUBB & SON INC. and PACIFIC INDEMNITY :        AND ORDER
COMPANY,                                           :

                                                    Defendants.           :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    This case began more than six years ago when Plaintiffs filed a complaint alleging that Defendants failed to cover losses in connection with damage to Plaintiffs' home that occurred during Superstorm Sandy on October 29, 2012. Before the Court is Defendant Pacific Indemnity Company's motion to dismiss for lack of prosecution. For the reasons that follow, the Court denies Defendant's motion.

## I. Background

    On August 26, 2014, Plaintiffs Simon Zarour ("Simon") and Lori Zarour filed a complaint in the District of New Jersey alleging that Defendants Chubb & Son, Inc. and Pacific Indemnity Company failed to cover losses to Plaintiffs' property suffered during Superstorm Sandy on October 29, 2012. Dkt. 1. On March 31, 2015, the parties filed a stipulation in which they agreed that Defendant Chubb & Son, Inc. would be dismissed, and the case would be transferred to the Southern District of New York. Dkt. 15. Upon transfer, this case was assigned to the Honorable Jed S. Rakoff. On July 6, 2015, Judge Rakoff granted Defendant Pacific Indemnity Company's motion to compel an insurance appraisal. Dkt. 41. The appraisal occurred, and the three-person appraisal

panel awarded Plaintiffs $110,490.20.  *See* Dkt. 49 at 2.  Plaintiffs then moved to reopen the appraisal because the appraisal panel failed to determine if Plaintiffs' home suffered any mold damage.  *See id.*  On February 22, 2017, Judge Rakoff granted this motion and ordered "the appraisal panel to reopen the appraisal to determine if, and to what extent, plaintiffs have suffered losses under the Policy due to mold damage."  *Id.* at 5-6.

The undersigned was reassigned to this case on September 29, 2020.  On October 19, 2020, the Court ordered the parties to submit a joint letter updating the Court on the status of this case, including "[t]he status of the appraisal panel's determination ordered by the Court on February 22, 2017."  Dkt. 50 at 1.  The parties failed to submit this letter by the deadline, so the Court ordered the parties to either submit the letter by November 19, 2020 or show cause why sanctions should not be imposed in light of the parties' failure to comply with the Court's order.  Dkt. 51.

On November 13, 2020, Defendant filed a letter stating that Defendant's counsel's attempts to reach Plaintiffs' counsel were unsuccessful and thus Defendant's counsel was "unable to meet and confer with Plaintiffs' counsel in order to submit a joint letter."  Dkt. 52 at 1.  Defendant also stated that after Judge Rakoff's February 22, 2017 order reopening the appraisal, "Plaintiffs never proceeded with the reopened appraisal" and that "[d]espite the efforts of [Defendant's] appraiser, all indications are that Plaintiffs have abandoned pursuing the appraisal, and this action."  *Id.* at 2.  Defendant therefore requested that the Court schedule a pre-motion conference to discuss Defendant's anticipated motion to dismiss this action for failure to prosecute.  *Id.*  The Court granted this request and scheduled a conference for December 4, 2020.  Dkt. 53.  At this conference, counsel for Plaintiffs appeared, but counsel for Defendant did not.  The Court adjourned the conference, and followed up with another order directing the parties to file a joint letter updating the Court on the status of the case and offering "[a] detailed description of what has occurred in this case since

February 22, 2017." Dkt. 54.

The parties submitted that joint letter on December 18, 2020. Dkt. 55. In the letter, Defendant explained that after Judge Rakoff's February 22, 2017 order, Defendant's appraiser "retained an environmental hygienist" and "requested access to [Plaintiffs'] home for inspection and testing." Dkt. 55 at 2. However, Defendant's appraiser "received no response from [Plaintiffs'] appraiser." *Id.* Additionally, Defendant alleges that "[n]o further communications were received by [Defendant] or its appraiser from [Plaintiffs'] appraiser, or from the Zarours, or from their counsel." *Id.* Plaintiffs responded by explaining that there were disagreements between their appraiser and Defendant's appraiser and that their appraiser "has not responded to [their] attempts to contact him." *Id.* However, Plaintiffs offered no explanation for why they had failed to pursue the reopened appraisal since February 2017. *See* Dkt. 56. On January 11, 2021, the Court granted Defendant leave to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). *Id.*

On January 25, 2021, Defendant filed its motion to dismiss. Dkts. 57-58. Defendant's appraiser, Frank Antonucci, Sr., filed a declaration in support of Defendant's motion in which he explained that after Judge Rakoff reopened the appraisal, he contacted an environmental hygienist and Plaintiffs' appraiser "to arrange for a mold inspection." Dkt. 57-1 ¶ 10. But he was "never allowed to re-enter [Plaintiffs'] home for the purpose of a mold inspection or otherwise." *Id.* ¶ 11.

Plaintiffs filed their opposition on February 8, 2021. Dkt. 59. Plaintiffs primarily argue that the reopened appraisal never occurred because this action was automatically stayed after Simon filed a bankruptcy petition on March 12, 2018. Dkt. 59-2 at 2-4. Plaintiffs never previously raised this issue to the Court and did not mention this in the joint status letter filed on December 18, 2020. In an affirmation in support of Plaintiffs' opposition to Defendant's motion, Simon also states that he "does not recall" being contacted about the mold appraisal. Dkt. 59-1 ¶ 21. On February 15,

3

2021, Defendant filed a reply brief. Dkt. 60. Defendant argued that as a matter of law, this action was not automatically stayed pursuant to 11 U.S.C. § 362(a) and reiterated that the Court should dismiss this case because "Plaintiffs have done nothing to prosecute the reopened appraisal proceeding." Dkt. 60 at 5.

## II. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In addition, "[a]lthough Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." *Ahmad v. White Plains City Sch. Dist.*, No. 18 Civ. 3416 (KMK), 2021 WL 366772, at *1 (S.D.N.Y. Feb. 2, 2021). Dismissal for failure to prosecute is subject to the sound discretion of the district court. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). But still, "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Id.* at 575-76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Before dismissing an action for failure to prosecute, a district court should consider the following factors: (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration"; (2) whether "plaintiff was given notice that further delay would result in dismissal"; (3) whether "defendant [is] likely to be prejudiced by further delay"; (4) whether the court has balanced "the need to alleviate court calendar congestion" against "plaintiff's right to an opportunity for a day in court"; and (5) whether there are worthwhile "lesser sanctions." *Id.* at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

### III.  Discussion

The issue here is that the reopened appraisal that Judge Rakoff ordered on February 22, 2017 never happened.  In fact, more than three years and eight months elapsed without any docket activity from Plaintiffs or Defendant.  Not until this case's reassignment and the Court's several orders for a joint status letter did the parties bring any appraisal issues to the Court's attention.

Plaintiffs' failure to take proactive steps to reopen the appraisal thus caused a delay of significant duration—more than three years—which cuts in favor of dismissing this case.  Even if Plaintiffs believed that Simon's March 2018 bankruptcy petition stayed this action, which the Court has no reason to think it did, Plaintiffs still fail to explain why they did not pursue the reopened appraisal for the near thirteen months after Judge Rakoff's order and before Simon filed for bankruptcy.  Another factor weighing in favor of dismissal is prejudice to Defendant.  There is obvious prejudice in having to conduct an insurance appraisal more than eight years after the damage occurred.  However, the Court notes that this is less of a concern here because even when Judge Rakoff reopened the appraisal, more than four years had passed since Superstorm Sandy.  Finally, Plaintiffs have already had their "day in court" in this action since they already received a court order for the reopened appraisal that they sought.

Nonetheless, Plaintiffs were never given notice that further delay would result in dismissal.  This is largely due to the fact that Defendant never brought to the Court's attention any problems with the reopened appraisal.  Although it is of course Plaintiffs' burden to prosecute this case generally, all parties were obligated to reopen the appraisal.  *See* Dkt. 49 at 5-6.  And if Plaintiffs were thwarting that process, Defendant should have alerted the Court or sought appropriate relief.

The Court finds that granting Defendant's motion would be a "harsh remedy" in these circumstances.  *Lewis*, 564 F.3d at 576.  Instead, the Court is persuaded that a lesser resolution is

appropriate at this time, particularly because Plaintiffs were never warned that further delay would result in dismissal and because both parties are at fault for failing to raise to the Court any issue with the reopened appraisal for more than three years.

The parties must comply with Judge Rakoff's February 22, 2017 order, which "order[ed] the appraisal panel to reopen the appraisal to determine if, and to what extent, [P]laintiffs have suffered losses under the Policy due to mold damage." Dkt. 49 at 5-6. There is no excuse why this was not completed in the years since 2017, and the Court will not tolerate any further delay in this matter. The Court therefore orders the parties to complete the reopened appraisal within ninety days of the filing of this Order. The Court will not extend this deadline absent extremely good cause. If Plaintiffs fail to work diligently and expeditiously with Defendant to comply with this Order, and the parties fail to meet the deadline, the Court may dismiss this action for failure to prosecute without further notice.

### IV.  Conclusion

For the above reasons, the Court denies Defendant's motion to dismiss for lack of prosecution. The parties shall complete the reopened appraisal ordered on February 22, 2017, Dkt. 49, within ninety days of the filing of this Order.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 57.

SO ORDERED.

Dated: February 25, 2021
       New York, New York                          _____
                                                   JOHN P. CRONAN
                                                   United States District Judge