```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
SIMON ZAROUR and LORI ZAROUR,                                      :
                                                                   :
                              Plaintiffs,                          :
                                                                   :         15 Civ. 2663 (JPC)
            -v-                                                    :
                                                                   :              ORDER
CHUBB & SON INC. and PACIFIC INDEMNITY                             :
COMPANY,                                                           :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On February 25, 2021, the Court denied Defendant Pacific Indemnity Company's motion to dismiss for lack of prosecution and ordered the parties to complete the reopened appraisal within ninety days. Dkt. 61 at 6. Pursuant to that Order, the parties thus are required to complete the reopened appraisal by May 26, 2021. The Court cautioned that "[i]f Plaintiffs fail to work diligently and expeditiously with Defendant to comply with [that] Order, and the parties fail to meet the deadline, the Court may dismiss this action for failure to prosecute without further notice." *Id.*

On May 24, 2021, Plaintiffs filed a letter requesting an additional ninety days to complete the reopened appraisal due to "technical and health issues that created the delay in the performance." Dkt. 62 at 1. On May 25, 2021, Defendant opposed this motion. Dkt. 63. According to Defendant, Plaintiff Simon Zarour's "only activity in the nearly three months since the Court's February 25, 2021 Decision and Order . . . has been to take photographs on May 19, 2021 of his own home and send them to his environmental consultant." *Id.* at 63 at 1. Defendant further claims that Plaintiffs failed to hire a new appraiser and Plaintiffs' counsel did not contact Defendant's counsel until May 24, 2021, despite Defendant's counsel e-mailing Plaintiffs' counsel on May 3,

2021. *Id.*

A review of the exhibits that Plaintiffs attached to their letter, Dkt. 62, seem to confirm some of Defendant's allegations. Plaintiffs' exhibits suggest that Plaintiffs did nothing until May 19, 2021, one week before the Court-ordered deadline for the reopened appraisal. Plaintiff Simon Zarour says that he took photographs on May 19, 2021. Dkt. 62 at 7 ¶ 1. And on May 23, 2021, Airways Environmental Services wrote a one and one-half page letter, based in part on Mr. Zarour's photographs, concluding that "[i]t is necessary to remove large areas of sheetrock and insulation to perform a thorough inspection of the home for hidden mold." Dkt. 62 at 5.

By May 28, 2021, Plaintiffs shall file a letter responding to Defendant's letter, Dkt. 63. Specifically, Plaintiffs' letter (of no more than five pages in length) should detail the following:

1. All actions Plaintiffs took to comply with the Court's February 25, 2021 Order. Plaintiffs should include a detailed description of each action and the date on which it occurred.

2. All communication Plaintiffs had with Defendant since the Court's February 25, 2021 Order. Plaintiffs should include a detailed description of each communication, the means by which it occurred, and the date on which it occurred.

3. Whether Plaintiffs named a new appraiser following the Court's February 25, 2021 Order.

4. Why the Court should not dismiss this action for failure to prosecute, particularly after the Court ordered the parties to complete the reopened appraisal by May 26, 2021, explained that it would "not tolerate any further delay in this matter," and stated that it would "not extend [the May 26, 2021] deadline absent extremely good cause." Dkt. 61 at 6.

5. Any other points Plaintiffs wish to make.

The Court will reserve ruling on Plaintiffs' extension request, Dkt. 62, until receiving this letter. However, because it seems unlikely that the parties will complete the reopened appraisal by May 26, 2021, the Court may dismiss this action for failure to prosecute without further notice after receiving Plaintiffs' response letter.

SO ORDERED.

Dated: May 25, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge