UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                                               :
SIMON ZAROUR and LORI ZAROUR,               :
                                                                                               :
                              Plaintiffs,         :
                                                                                               :              15 Civ. 2663 (JPC)
              -v-                                                                             :
                                                                                               :              <u>ORDER</u>
CHUBB & SON INC. and PACIFIC INDEMNITY :
COMPANY,                                           :
                                                                                               :
                              Defendants.      :
                                                                                               :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      This case is a dispute between homeowners and their insurance company in connection with property damages sustained during Superstorm Sandy in October 2012, over nine years ago. It was initiated back on August 26, 2014, in the United States District Court for the District of New Jersey. Dkt. 1. The case was then transferred to this District on April 21, 2015. Dkt. 17. In the seven-and-a-half years since the case was filed in federal court, there have been an inordinate number of delays, and an inexcusable disregard for Court-ordered deadlines. Finally, at this point, all that remains is for an appraisal to be completed, with the limited scope of assessing any mold damage and with an umpire to resolve any disputes among the appraisers.

      On December 8, 2021, the parties were ordered to submit a joint letter to the Court by February 10, 2022, advising whether there were any disagreements among the appraisers for the umpire resolve. Dkt. 82. That Order warned if the appraisal were not completed within the timeline, the case may be dismissed for failure to prosecute and comply with this Court's orders. *Id.* After missing that deadline, and being advised as such by the Court, Dkt. 84, the parties submitted a joint letter shortly before the close of business on February 11, 2022, in which they

advised that the umpire is still seeking to retain a mold expert and that the panel and umpire request an extension of time to complete the appraisal, Dkt. 85.

The Court grants the umpire's and the panel's request for an extension of time, with certain conditions.  First, the appraisal—including the umpire's resolution of any disputes among the appraisers—shall be completed by March 14, 2022.  By February 18, 2022, the parties shall consult with the umpire and submit a letter updating the Court on the status of the appraisal.  That letter shall detail every step that the parties, the appraisers, and the umpire took to complete the appraisal by the February 7, 2022 deadline that the Court set.  The letter shall also detail any outstanding items in connection with the appraisal, set deadlines for completing those items, and explain what steps the parties and the umpire will take to complete those items by the March 14 deadline.  By March 16, 2022, the parties shall submit a joint letter advising the Court as to the outcome of the appraisal and the umpire's resolution of any disputes.

**<u>These are firm deadlines</u>**.  Absent the parties showing truly extraordinary circumstances warranting an extension, the Court will not extend the appraisal's deadline and, if the appraisal is not completed within this timeline, the Court may dismiss the case for the parties' repeated failure to comply with the Court's order without further notice.

The parties shall immediately serve a copy of this Order on the umpire and file proof of service on the Docket by February 16, 2022.  In the event that the umpire expresses any concern with being able to meet the appraisal deadline, the parties shall immediately advise the Court and an in-person court proceeding, with the parties and the umpire, will be promptly scheduled.

SO ORDERED.

Dated: February 12, 2022
       New York, New York

_____
JOHN P. CRONAN
United States District Judge