UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                                                :

SIMON ZAROUR and LORI ZAROUR,           :

                      Plaintiffs,            :
                                                                             :      15 Civ. 2663 (JPC)
         -v-                                       :
                                                                           :          ORDER

CHUBB & SON INC. and PACIFIC INDEMNITY :
COMPANY,
                                                                               :
                      Defendants.         :
                                                                               :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       The Court's February 14, 2022 Order directed the parties by February 18, 2022 to submit letters that included details on "any outstanding items in connection with the appraisal, *set deadlines* for completing those items, and explain *what steps* the parties and the umpire will take to complete those items by the March 14 deadline." Dkt. 86 at 2 (emphasis added). Neither of the parties' letters provided all the required information. *See* Dkts. 87, 88. Nor did the parties' letters indicate whether the umpire has any concern with meeting the March 14, 2022 deadline set in the February 14 Order, so the Court assumes that the umpire expects and intends to meet the deadline. By February 26, 2022 the parties shall submit a joint letter (1) including all the information missing from their earlier letters, (2) detailing whether Hillman Environmental was in fact retained by the umpire, (3) detailing the timing of Hillman's independent mold analysis and any inspection of the home, and (4) advising the Court whether the umpire expects to in fact meet the March 14 deadline.

       The February 14 Order also required the parties to "immediately serve a copy of th[e] Order on the umpire and file proof of service on the Docket by February 16, 2022." Dkt. 86 at 2. Yet the parties failed to file proof of service by February 16 and have not indicated whether they ever served

the umpire.

**Sanctions for failing to comply.**  Counsel has repeatedly disregarded this Court's orders and the Court has given counsel considerable leeway in explaining why it has not complied with the Court's orders.  *See, e.g.*, Dkts. 64, 66, 71, 74, 77, 84.  Yet counsel continues to disregard the Court's orders.

"Every district court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for disobeying the court's orders."  *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (quotations and alteration omitted).  Given counsel's repeated failures to comply with the Court's orders, and to deter counsel from repeating their conduct, the Court will require counsel to pay a fine of $500 per day, if it fails to comply with *any* part of this Order or any future order in this case.  The Court finds that this relatively modest sanction is sufficient but no greater than necessary to secure compliance with the Court's orders and deadlines in the future.  *See Weiss v. Weiss*, 984 F. Supp. 682, 686 (S.D.N.Y. 1997) ("[S]anctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person . . . ." (quotations omitted)).

The Court also reiterates that "[a]bsent the parties showing truly extraordinary circumstances warranting an extension, the Court will not extend the appraisal's deadline and, if the appraisal is not completed within this timeline, the Court may dismiss the case for the parties' repeated failure to comply with the Court's order without further notice."  Dkt. 86 at 2.

Plaintiff's counsel, Tomas Espinosa, Esq., shall (1) immediately serve a copy of this Order and the February 14 Order on the umpire and (2) file proof of service on the Docket by February 23, 2022. Again, failure to comply with this or any other requirement in this Order will result in the Court ordering the non-complying counsel to pay a $500 fine ever day until counsel complies with this Order's requirements.

SO ORDERED.

Dated: February 22, 2022
      New York, New York

_____
JOHN P. CRONAN
United States District Judge